IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| DANNY SHERRILL KIRBY ) | Case No. 5:19-CR-00021 (TBR) |
| ) | |
| ) | |
| ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Danny Sherrill Kirby's *pro se* Motion for Compassionate Release, (Mot.), Dkt 34.  The Government has responded, (Resp.), Dkt. 36.  The time for Kirby to reply has elapsed.  For the reasons stated herein, Kirby's Mot., Dkt. 34, is **DENIED**.

   I.   **FACTUAL BACKGROUND**

Based on information obtained from a cooperating defendant, members of the Graves County Sheriff's Department and the Drug Enforcement Administration executed a search warrant at the residence of Danny Kirby on December 14, 2018.  *See* Presentence Investigation Report (PSR), Dkt. 27, ¶¶ 11–12.  Upon searching of the residence, deputies located a baggie containing eleven ounces of methamphetamine along with a black zip up case containing $9,820 in cash.  *See id.* ¶ 13.  Kirby eventually pleaded guilty to possession with intent to distribute methamphetamine, a Class A Felony.  *See* Judgment, Dkt. 29.  Kirby now seeks compassionate release, citing the tornado that devastated Mayfield, Kentucky, in support of his motion.  *See* Mot. at 5.

## II. LEGAL STANDARD

"The court may not modify a term of imprisonment once it has been imposed except that-(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction"

18 U.S.C.A. § 3582(c)(1)(A). "The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

In considering a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A), a district court shall engage in a "three-step inquiry." *United States v. Elias*, No. 20-3654, 2021 WL 50169, at *1 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.' " *Id.* (citing *Jones*, 980 F.3d at 1101). Second, the court must "ensure 'that such a reduction is consistent

with applicable policy statements issued by the Sentencing Commission.' " *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 . . . [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)).

Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act," U.S. Sentencing Guideline § 1B1.13 is no longer an "applicable" policy statement in cases where an incarcerated person, as opposed to the Director of the Bureau of Prisons, files his or her own compassionate release motion in district court. *Jones*, 980 F.3d at 1109. Accordingly, district courts "may skip step two of the § 3582(c)(1)(A) inquiry" and have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109, 1111. Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

Despite the Sixth Circuit's holding in *Jones*, this Court agrees with the United States District Court for the Eastern District of Kentucky in stating that "[w]hile the policy statement found in U.S.S.G. § 1B1.13 of the Sentencing Guidelines is not binding, it provides a useful starting point to determine whether extraordinary and compelling reasons exist." *United States v. Muncy*, No. 6: 07-090-DCR, 2020 WL 7774903, at *1 (E.D. Ky. Dec. 30, 2020). Congress

provided no statutory definition of "extraordinary and compelling reasons" in section 3582(c)(1)(A). *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). Instead, Congress directed the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Adkins*, No. 5:18-058-DCR, 2020 WL 7755629, at *1 (E.D. Ky. Dec. 29, 2020) (quoting 28 U.S.C. § 994(t)). Those descriptions are found in § 1B1.13 of the United States Sentencing Guidelines (policy statement) and the application notes to that section.

      This policy statement describes four categories of extraordinary and compelling reasons. The first three relate to an inmate's serious medical conditions, age, and status as a caregiver. U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). Specific medical conditions of a defendant constituting extraordinary and compelling reasons for a reduction in terms of imprisonment may include "terminal illness," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process." *Id.* The application note to U.S.S.G. § 1B1.13 further provides that the age of a defendant may be a necessary and compelling reason for a reduction in terms of imprisonment when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* The last category is a catch-all provision titled "Other Reasons," which reads: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, cmt. n.1(D).

After considering whether extraordinary and compelling reasons warrant a sentence reduction and whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, the district court proceeds to the third and final step of the analysis. If a sentence reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *Elias*, 2021 WL 50169, at *1 (citing *Jones*, 980 F.3d at 1101); *Jones*, 980 F.3d at 1108.

### III. DISCUSSION

The Court begins with the issue of whether Kirby has exhausted his administrative remedies. Kirby claims that he submitted a request for compassionate release to the warden on December 17, 2021, but that he did not receive a response within a month. *See* Mot. at 3. Kirby does not provide any further evidence that he exhausted his administrative remedies. *See id.* However, the Government does not dispute that Kirby satisfies the exhaustion requirement. *See* Resp. Therefore, the Court assumes, without deciding, that Kirby has in fact exhausted his administrative remedies.

Kirby states that extraordinary and compelling reasons exist because he is needed to assist his family and the Mayfield community after a December tornado devastated that region. *See* Mot. at 2–4. Here, Kirby states that "Mayfield, Kentucky is the area where [he] has lived for the last twenty [] years with his wife and ten children." *Id.* at 2. Thus, Kirby concludes that he could be a "valuable asset" to his family and this community's "revitalization." *Id.* at 4.

In the commentary to § 1B1.13, the Sentencing Commission laid out several situations where extraordinary and compelling exist, including, as relevant here, "Family Circumstances." U.S.S.G. 1B1.13 cmt. n.1(C). Under the Guidelines, there are two situations where a defendant's

family circumstances may present extraordinary and compelling reasons for compassionate release. First, an extraordinary and compelling reason may exist following "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children." *Id.* Second, an extraordinary and compelling reason for release may exist following "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only caregiver for the spouse or registered partner." *Id.* Kirby has not alleged that any minor children, spouse, or registered partner is in need of his care. *See* Mot. Nor has Kirby provided any details that would support those allegations. In fact, the Government points out that nine of Kirby's ten children are eighteen years of age or above. *See* Resp. at 4. Furthermore, while the needs of the Mayfield community may be extraordinary and compelling, whatever need Mayfield might have for Kirby is not.

Though Kirby discusses COVID-19, he explicitly states that "this request is not based on medical grounds." Mot. at 4. Kirby later reiterates that "this request is not based on Mr. Kirby's medical conditions[,] . . . but rather on his desire to help his hometown revitalize and become whole again." *Id.* at 5. As such, the Court does not analyze whether any COVID-19 concerns might give rise to extraordinary and compelling reasons.

Kirby has not set out extraordinary and compelling reasons for his release.

Additionally, the § 3553(a) factors weigh against relief. Kirby pleaded guilty to possession with intent to distribute methamphetamine, a Class A Felony. *See* Judgment. This behavior demonstrates that Kirby might pose a danger to the community. To this, Kirby contends that "[s]ince Mayfield, Kentucky was utterly destroyed, no negative impact from [his] return to the area can be ascertained [sic]." Mot. at 3. But, of course, a person can still pose a danger to a community that is recovering from a disaster.

For these reasons, Kirby's motion for compassionate release is hereby denied.

### IV. CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Kirby's Motion for Compassionate Release, Dkt. 34, is **DENIED**.

**IT IS SO ORDERED**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 23, 2022

cc: Danny Sherrill Kirby
19666-033
BEAUMONT LOW
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 26020
BEAUMONT, TX 77720
PRO SE